# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

## No. 18-6724

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DAVID PEREZ GARCIA, a/k/a Sld Dft 3:01cr36-1,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:01-cr-00036-FDW-1)

Submitted: November 19, 2018             Decided: November 28, 2018

Before WILKINSON, WYNN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David Perez Garcia, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2002, a jury found David Perez Garcia guilty of conspiracy to possess with intent to distribute, and to distribute, cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). The jury found him responsible for 50 grams or more of cocaine base and 5 kilograms or more of cocaine, but at sentencing, the district court held him responsible for at least 600 kilograms of cocaine. As a result, Garcia's Sentencing Guidelines range was 360 months to life in prison, as determined by his total offense level of 42 and his category-III criminal history. *See* U.S. Sentencing Guidelines Manual §§ 2D1.1(a)(3), (c)(1), 3B1.1(a) (2002). The district court sentenced Garcia in January 2003 to 360 months in prison. We affirmed his conviction and sentence. *United States v. Persaud*, 87 F. App'x 869 (4th Cir. 2004) (No. 03-4109, 03-4139).

In February 2018, Garcia filed a motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) (2012), arguing that Sentencing Guidelines Amendment 782—or Amendments 706, 748, 750, and 782 in the "aggregate"—would lower his Guidelines sentencing range to 235 to 293 months in prison, based on a total offense level of 36 and a category-III criminal history. The district court denied the motion, explaining that Amendment 782 did not apply to Garcia's case and would not affect his Guidelines range.

On appeal, Garcia contends that he is eligible for a reduction under § 3582(c)(2) based on Amendments 706, 748, 750, and 782, and he also takes issue with the district court's decision at sentencing to find him responsible for more cocaine than the jury found, arguing that the court erroneously increased the drug quantity. If the district court

2

had used the jury's findings to determine his base offense level, Garcia argues, his sentencing range would have been 235 to 293 months. We review the district court's denial of a sentence reduction motion for abuse of discretion, and its ruling on the scope of its authority under § 3582(c)(2) de novo. *United States v. Peters*, 843 F.3d 572, 577 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 2267 (2017).

Both of Garcia's arguments are unavailing. First, a district court may reduce a sentence under 18 U.S.C. § 3582(c)(2) only if a defendant's prison term was based on a Guidelines sentencing range that the Sentencing Commission subsequently lowered. *See* 18 U.S.C. § 3582(c)(2); *Peters*, 843 F.3d at 574. Although Amendment 782 increased the minimum amount of cocaine necessary for a base offense level of 38 from 150 kilograms to 450 kilograms, *see* USSG supp. to app. C., amend. 782 (effective Nov. 1, 2014), it has no effect on Garcia's offense level or Guidelines range, because the district court found him responsible for 600 kilograms of cocaine.[*] Therefore, he is not eligible for a reduced sentence under § 3582(c)(2).

Garcia's second argument contains what appears to be his real complaint: If his Guidelines range had been determined by the jury's finding that he was responsible for 5 kilograms or more of cocaine, his base offense level could have been 32. *See* USSG

---

[*] Amendments 706, 748, and 750 do not assist Garcia, either. Amendment 748 is not retroactive. *See* USSG § 1B1.10(a)(2), (d). Amendment 706, as amended by Amendment 750, is retroactive, *see* USSG § 1B1.10(d), but Amendment 750 left the base offense level at 38 for crimes involving 150 kilograms or more of cocaine. *See* USSG app. C, amend. 750 (effective Nov. 1, 2011); USSG § 2D1.1(c)(1) (2010 supp., effective Nov. 1, 2010).

§ 2D1.1(c)(4) (2002). Assuming all else remained the same, his total offense level would have been 36 and his Guidelines range would have been 235 to 293 months, as he argues it should be now. Instead, the district court found him responsible for 600 kilograms of cocaine, setting his base offense level at 38 and leading to a range of 360 months to life.

But this court rejected this claim in Garcia's direct appeal, *Persaud*, 87 F. App'x at 872-73, and the strict confines of § 3582(c)(2) provide no basis for relief on this ground. *See* 18 U.S.C. § 3582(c)(2). Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*